# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

JASON WILLIAMS,               )
                              )
      Plaintiff,         )
                              )
vs.                           )   CIVIL NO. 07-cv-811-GPM
                              )
ROGER E. WALKER, JR., *et al.*, )
                              )
      Defendants.        )

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Although Plaintiff divides his complaint into seven separate counts, there are actually just two distinct but related claims presented in this action. The first claim is that each of the named defendants was personally informed by Plaintiff that he was being assaulted by his cell mate, Inmate Montgomery, yet none of these individuals took action to separate them. His second claim is that some of the defendants deliberately assigned him to share a cell with Montgomery in retaliation for Plaintiff's numerous grievances and lawsuits filed against them or other I.D.O.C. employees.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that

danger. *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996).

Furthermore, prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). When presenting a claim of retaliation, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss any portion of this action at this point in the litigation. *See* 28 U.S.C. § 1915A.

## DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **WALKER, UCTMAN, MARTIN, SPILLER, MOORE, THOMAS, NEIPERT, CHEATHAM, ANDERSON** and **BROOKMAN**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **WALKER, UCTMAN, MARTIN, SPILLER, MOORE, THOMAS, NEIPERT, CHEATHAM, ANDERSON** and **BROOKMAN** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of

computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form. Service shall not be made on the Unknown Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the

defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: 09/29/08

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge