IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:07-cv-811 GPM |
| ROGER E. WALKER, JR, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

Currently pending before the Court are Defendants' Motions for Summary Judgment (Docs. 22 and 32). Also pending are Plaintiff's Motions for Extension of Time to Present Evidence (Doc. 15); Motion for Enlargement, Property, Electricity, and Protection (Doc. 27); Motion for Extension of Time to Answer Motion for Summary Judgment (Doc. 28); Second Motion for Enlargement of Time to Answer Motion for Summary Judgment (Doc. 29); and Motion to Accept Additional Exhibits and Notice of Timely Filing (Doc. 30).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

The sole legal argument set forth in the Defendants' Motions for Summary Judgment is that Plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act prior to filing suit. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit recently held that discovery on the merits should not begin until the question whether a plaintiff has exhausted his administrative remedies within the meaning of the Prison Litigation Reform Act has been resolved. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Accordingly, the undersigned sets the following schedule:

1. The parties are granted 45 days to conduct discovery on the question of exhaustion of administrative remedies. Discovery conducted during this period shall be limited,

exclusively, to whether Plaintiff exhausted his administrative remedies prior to filing suit.

2. A hearing will be set before the United States District Judge G. Patrick Murphy to make the determination whether Plaintiff has exhausted his administrative remedies.

3. Plaintiff is granted additional time to respond to the motions for summary judgment, limited to the question of exhaustion of administrative remedies. His response shall be filed by **June 1, 2009.**

### PLAINTIFF'S PENDING MOTIONS

Based upon the limitations placed on discovery and the upcoming hearing on the exhaustion of administrative remedies, the Court resolves Plaintiff's pending motions as follows:

*Motion for Extension of Time to Present Evidence (Doc. 15)*

In this motion Plaintiff asks 1) that he be given time to prepare and present evidence of a conflict of interest of unidentified judges on the case, 2) for additional USM-285 forms, and 3) for instruction on where to send motions. Plaintiff also alludes to his disagreement with the Court's characterization of his claims in its threshold review of the complaint. This motion is **GRANTED in part and DENIED in part**. As stated above, Plaintiff is **GRANTED** additional time to conduct discovery, but that discovery is limited to the question of exhaustion of administrative remedies. The Clerk is **DIRECTED** to send Plaintiff additional USM-285 forms. The Plaintiff is **INFORMED** that he should send motions and other correspondence to The United States District Court for the Southern District of Illinois, 750 Missouri Ave., P.O. Box 249, East St. Louis, IL 62202.

To the extent the Plaintiff is attempting to challenge the Court's threshold review of his

complaint, that request is **DENIED without prejudice**. If Plaintiff wishes to challenge that order, he must do so in a separately-filed motion for reconsideration.

*Motion for Enlargement, Property, Electricity, and Protection (Doc. 27)*

Plaintiff requests that all his personal property that was confiscated by Menard Correctional Center staff be returned to him, 2) that his light be repaired and electricity to his cell turned on, 3) that he be granted additional time to prepare his motion regarding the conflict of interest of the Court, and 4) that he be granted an order of protection against Menard staff and an order that he be housed in a one-man cell.

The Court will not involve itself in the day-to-day management of prisons by ordering that Plaintiff's property be returned to him, that his light be repaired, and that he be housed in a one-man cell. *See generally Wilkinson v. Austin*, 545 U.S. 209, 222 (2005). These claims are not at issue in this case. Thus, these requests are **DENIED**. If the Plaintiff believes that these deprivations rise to the level of constitutional violations, he may file a separate lawsuit raising those constitutional claims. Plaintiff's request for additional time to prepare a motion regarding the conflict of interest of the Court is also **DENIED**. As stated above, at this stage in the litigation, discovery is limited to the question of exhaustion of administrative remedies.

*Motion for Enlargement to Answer Motion for Summary Judgment (Doc. 28)*

Plaintiff asks for additional time to respond to the motions for summary judgment. Specifically, he asks that he be allowed to conduct discovery until August 31, 2009, and be granted until October 31, 2009, to respond to the motion for summary judgment. He also asks that the Court issue an order that his property be returned to him, that his light be repaired, and that he be granted an order of protection. As stated above, merits discovery will not begin until the question of the

exhaustion of administrative remedies has been resolved. As also stated above, Plaintiff is granted additional time–until June 1, 2009–to respond to the motions for summary judgment. Thus, Plaintiff's request for additional time is **DENIED as moot**. The Court will not order that Plaintiff's property be returned, that his light be repaired, that he be granted an order of protection, or that he be housed in a one-man cell. These requests are **DENIED**.

*Second Motion for Enlargement of Time (Doc. 29)*

Plaintiff asks for the same relief as requested in the Motion for Enlargement of Time (Doc. 28). Accordingly, Plaintiff's request for additional time is **DENIED as moot**; his request for other relief is **DENIED**.

*Motion to Accept Additional Exhibits and Notice of Timely Filing (Doc. 30)*

Plaintiff requests that the documents attached to the motion be added to the record. The attached documents are copies of grievances and adjustment committee reports. The Court believes that Plaintiff intends the attached documents to be considered with or as his response to the motions for summary judgment. This motion is **GRANTED**. The Court will review these documents as relevant to the question of exhaustion of administrative remedies.

CONCLUSION

In summary, the parties are granted 45 days to conduct discovery solely on the question of exhaustion of administrative remedies. Plaintiff shall file any response to the motions for summary judgment, limited to the question of exhaustion, by **June 1, 2009**. Plaintiff's Motion for Extension of Time to Present Evidence (Doc. 15) is **GRANTED in part and DENIED in part**. The Clerk is **DIRECTED** to send Plaintiff additional USM-285 forms. Plaintiff's Motion for Enlargement, Property, Electricity, and Protection (Doc. 27) is **DENIED**. Plaintiff's Motion for Enlargement to

4

Answer Motion for Summary Judgment (Doc. 28) is **DENIED**. Plaintiff's Second Motion for Enlargement of Time (Doc. 29) is **DENIED**. Plaintiff's Motion to Accept Additional Exhibits and Notice of Timely Filing (Doc. 30) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: April 13, 2009**

*s/ Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**
