IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cv-811 GPM |
| | ) | |
| ROGER E. WALKER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now pending before the Court are Plaintiff's Motions for Extensions of Time to object to the Court's April 13 order (Doc. 44), and to respond to the Defendants' Motion for Summary Judgment (Docs. 47 and 49). For the reasons set forth below, these motions are **DENIED**.

### BACKGROUND

Plaintiff, an inmate in the Menard Correctional Center, filed his complaint in this action on November 20, 2007, against ten Illinois Department of Corrections ("IDOC") officials for placing him in a cell with his known enemy, Inmate Montgomery, in retaliation for filing grievances and a lawsuit against them or other IDOC employees, and for failing to prevent Inmate Montgomery from assaulting him (Doc. 1). On September 30, 2008, the Court conducted its threshold review of the action and referred the case to the undersigned magistrate judge for pretrial proceedings. On February 11, 2009, Defendants Neipert, Cheatham, Brookman, Walker, Martin, Spiller, Moore, and Thomas filed a Motion for Summary Judgment (Doc. 22) arguing that they are entitled to judgment in their favor because Plaintiff had not exhausted his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a). On March 20, 2009, Defendant Uchtman filed a Motion for Summary Judgment on the same issue (Doc. 32).

In light of the Seventh Circuit's opinion in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)

(which held *inter alia* that district courts should not allow discovery on the merits until the question whether a prisoner plaintiff exhausted his administrative remedies prior to filing suit is resolved) on April 13, 2009, the undersigned entered an order granting the parties 45 days, until June 1, 2009, to conduct discovery solely on the issue of whether Plaintiff exhausted his administrative remedies prior to filing suit. In the same order the Court denied a number of motions filed by Plaintiff asking for additional time to respond to the motions for summary judgment. United States District Judge G. Patrick Murphy set the matter for a hearing on the question of exhaustion for July 13, 2009 (Doc. 38). On May 1, 2009, Judge Murphy canceled the hearing and directed the undersigned to hold the hearing instead (Doc. 42). On May 7, 2009, the Court entered an order setting the hearing on the question of exhaustion for July 15, 2009, and extending until July 1, 2009, the time for parties to submit briefs, affidavits, or exhibits relevant to the question of exhaustion (Doc. 43).

On May 5, 2009, Plaintiff filed a motion seeking an enlargement of time (until May 15, 2009) to object to the Court's April 13 order (Doc. 44). He also asks the Court to order Menard staff to provide him with legal assistance. On May 14, 2009, Plaintiff filed a motion seeking an enlargement of time, until October 31, 2009, to answer the motion for summary judgment (Doc.47). Plaintiff states that the subpoenas he sent will not have been responded to in time for him to file a response by June 1, 2009. On May 18, 2009, Plaintiff filed a Preliminary Response to Summary Judgment and Motion for enlargement of time to object to the Court's other orders (Doc. 47).

## ANALYSIS

The Court has already granted Plaintiff additional time to respond to the motions for summary judgment. The first motion for summary judgment was filed on February 11, 2009. Under the local rules, Plaintiff had 30 days, plus mailing time, to respond to the motion, that is until March

16, 2009. *See* SDIL-LR 7.1(c). The second motion for summary judgment was filed on March 20, 2009. Plaintiff's response was due on April 22, 2009. The Court has now extended Plaintiff's deadline to file briefs, exhibits, or affidavits regarding the question of exhaustion of administrative remedies (the only issue raised in the motions for summary judgment) until July 1, 2009. Thus, Plaintiff has been given nearly five months to respond to the first motion for summary judgment, and over three months to respond to the second motion for summary judgment.

To prepare for the hearing, Plaintiff needs only to obtain the grievances he filed regarding the issues in this case. He may do so by putting in an internal prison request and paying for the copies. No additional discovery is necessary, and in fact is not permitted, until the Court has determined whether Plaintiff exhausted his administrative remedies. It is in the interest of all parties and the Court to resolve the exhaustion question as early as possible.

Accordingly, Plaintiff's requests for additional time to respond to the motions for summary judgment or to object to the Court's other orders and for a court order granting him legal assistance (Docs. 44, 47, and 49) are **DENIED**. The hearing on the question whether Plaintiff exhausted his administrative remedies prior to filing suit remains set for **July 15, 2009**.

**IT IS SO ORDERED.**

**DATED: June 17, 2009**

> s/ *Donald G. Wilkerson*
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**