IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON WILLIAMS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROGER E. WALKER, JR., ALAN UCTMAN, ) <br> AL MARTIN, WILLIAM SPILLER, RICHARD ) <br> MOORE, BRAD THOMAS, RUSSEL ) <br> NIEIPERT, JAMES R. CHEATHAM, C/O ) <br> ANDERSON, LT. BROOKMAN, and ) <br> ILLINOIS ATTORNEY GENERAL, ) <br> ) <br> Defendants. ) | Case No.07-cv-811 GPM |

**ORDER**

Currently pending before the Court are a Motion to Quash filed by the Attorney General of Illinois (Doc. 51), a Motion to Appoint Counsel filed by Plaintiff (Doc. 52), a Motion to Compel, for Recusal, to Appoint Counsel, for Extension of Time to Complete Discovery, and for Extension of Time to File a Response to Motion for Summary Judgment filed by Plaintiff (Doc. 58), and motions for reconsideration (Doc. 61), for Leave to File (Doc. 72), and to Accept Resubmitted Documentation Referencing the 9/29/09 grievance all filed by Plaintiff (Doc. 73).

**MOTION TO QUASH (Doc. 51)**

On June 10, 2009, the Attorney General of the State of Illinois filed a Motion to Quash a subpoena served by Plaintiff because it did not comply with the requirements of Fed. R. Civ. P. 45 (Doc. 51). Specifically, the Attorney General claims that the subpoena does not specify the time and place documents are to be produced, Plaintiff did not serve proper notice upon the Attorney General, the Attorney General is not in possession, custody, or control of the documents Plaintiff requests, the subpoena was improperly served, and discovery at this point in the litigation is limited to the

question of exhaustion of administrative remedies. This motion is **GRANTED**. The subpoena is **QUASHED**. Plaintiff may obtain the discovery requested in the subpoena by other means and at the appropriate time, as addressed below.

### OMNIBUS MOTION (DOC. 58)

On June 29, 2009, the Plaintiff filed a nineteen-page document which was primarily a Response to the Defendants' Motions for Summary Judgment. On page nine of the document, Plaintiff asks that he be appointed counsel, that Judges Murphy and Wilkerson recuse themselves from the case, that the case be assigned a new district judge, that Defendants produce all documents requested in the subpoena, that an order be issued that Plaintiff be allowed to keep the produced documents at all times, that his legal property be returned to him, and that the deadline for filing a complete response to the motions for summary judgment be extended to October 31, 2009 (Doc. 58).

*Appointment of Counsel*

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-

22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. If a plaintiff has made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Plaintiff has not met the threshold burden of showing that he has attempted to retain counsel on his own. In his motion, he states that he has contacted James Rosemergy, Harvey Welsh, the Land of Lincoln Law Center, and the Southern Poverty Law Center seeking representation, but he includes no documentation of these attempts. Even if the Plaintiff had so attempted, appointment of counsel is not warranted at this time. The Court has yet to determine whether Plaintiff exhausted his administrative remedies. If the case continues after that determination has been made, Plaintiff may refile his request for appointment of counsel. Accordingly, the Motion for Appointment of Counsel (Doc. 52) and request for appointment of counsel (Doc. 58) are **DENIED without prejudice** to refiling.

*Recusal of District and Magistrate Judges*

A judge or magistrate judge shall disqualify himself in a proceeding "in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify himself where he has a personal bias or prejudice against a party, or has personal knowledge of disputed evidentiary facts concerning the proceeding; in a case where he has participated as counsel or as a witness or expressed his opinion concerning the merits of the case; in which he or a family member has a financial interest in the outcome of the case; or in which a family member is a party, attorney, or material witness. 28 U.S.C. § 455(b). Plaintiff requests that both United States District Judge G. Patrick Murphy and United States Magistrate Judge Donald G. Wilkerson recuse themselves from the case. Plaintiff provides no basis for the recusal; he makes no allegations that

either judge is impartial or biased in any way. As such, the request for the judges to recuse themselves unfounded. The motion is **DENIED**.

*Motion to Compel Documents*

Plaintiff asks that the Court order Defendants to turn over all documents requested in the subpoena sent to the Attorney General of Illinois. Plaintiff specifically asks that Defendants produce a grievance dated September 26, 2006, all library request slips sent to the Menard Correctional Center law library in 2005 and 2006; all grievances filed by Plaintiff in 2005; all documents filed in this case; all correspondence filed with Illinois Department of Corrections in 2005; various motions and briefs filed in state court; and a complete record of the proceedings in *Williams v. Snyder*, Case No. 02-cv-1177-GPM, filed in this Court.

In *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Seventh Circuit held that discovery on the merits of a case should not begin until the question whether Plaintiff exhausted his administrative remedies prior to filing suit has been resolved. On April 13, 2009, the undersigned issued an order specifying that discovery in this case was limited to the question of exhaustion (Doc. 37). The Court finds relevant to the question of exhaustion only Plaintiff's request for a grievance filed on September 26, 2006. In its responses at the *Pavey* hearing held on November 17, 2009, it is clear Defendants do not possess a grievance filed September 26, 2006. Thus, the Court cannot compel the Defendants to produce that which they do not have. Regarding the other document requests, the issues in this case are limited to incidents that occurred in 2006, and discovery at this point in the litigation is limited to the issue of exhaustion of administrative remedies regarding those incidents. Thus, the Court sees no reason for Plaintiff to need grievances or correspondence filed in 2005. Further, the Court is doubtful that law library request slips would be relevant to the question of

exhaustion. Finally, Plaintiff should ask the state and federal courts directly for documents filed in cases to which he is a party instead of seeking them from Defendants. Accordingly, Plaintiff's request for the September 26, 2006, grievance is found to be **MOOT** because Defendants have already responded that they do not have any such grievance. All other requests for documents are **DENIED** because they are either unrelated to the question of exhaustion or may be obtained by other means.

*Order for Return of Property*

Plaintiff asks that the Court issue an order allowing him to keep all documents produced by Defendants with him at all times and that all his legal property taken on June 9, 2009, be returned to him, and that an order issue that his property not be taken from him again. These requests are **DENIED**. Plaintiff has made and the Court has denied this type of request before (Doc. 37). The Court cannot involve itself in the day-to-day operations of the prison, and the Plaintiff has made no formal request for injunctive relief. Further, even if he had made such a request, access to his legal materials is not an issue in this case. If Plaintiff believes the deprivation of his legal property rises to the level of a constitutional violation, he may file a separate lawsuit making that claim.

*Motion for Extension of Time*

Plaintiff asks that the Court grant him until October 31, 2009, to file a response to the Defendants' Motions for Summary Judgment. The Court finds this request to be **MOOT**. At the *Pavey* hearing held on November 17, 2009, the Court granted Plaintiff leave file documents relevant to the question of exhaustion until December 21, 2009.

**MOTION FOR RECONSIDERATION (DOC. 61)**

Plaintiff requests that the Court reconsider any orders preventing him from filing documents

regarding exhaustion of administrative remedies by July 1, 2009. This request is found to be **MOOT**. As stated in the previous paragraph, the Court granted Plaintiff until December 21, 2009, to file documents relevant to exhaustion. The Plaintiff also asks that the Court consider the documents submitted with the motion. This request is **GRANTED**.

### MOTION FOR LEAVE TO FILE EXHIBITS (DOC. 72)

Plaintiff requests that the Court allow him to file exhibits relevant to the question of exhaustion. This motion is **GRANTED**. The Clerk shall file the proposed documents.

### MOTION TO ACCEPT RESUBMITTED DOCUMENTATION REFERENCING THE 9/26/06 GRIEVANCE (DOC. 73)

Plaintiff asks that the Court consider the documents filed as exhibits with the motion in making its determination regarding exhaustion of administrative remedies. That request is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: March 16, 2010**

                                                          s/ *Donald G. Wilkerson*
                                                          **DONALD G. WILKERSON**
                                                          **United States Magistrate Judge**