IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON WILLIAMS, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ROGER E. WALKER, JR., ALAN UCTMAN, )<br>AL MARTIN, WILLIAM SPILLER, RICHARD )<br>MOORE, BRAD THOMAS, RUSSEL )<br>NIEIPERT, JAMES R. CHEATHAM, C/O )<br>ANDERSON, LT. BROOKMAN, and )<br>ILLINOIS ATTORNEY GENERAL, )<br>)<br>    Defendants. ) | Case No.07-cv-811 GPM |

## REPORT AND RECOMMENDATIONS

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation to determine if Plaintiff exhausted his administrative remedies with the Illinois Department of Corrections prior to filing suit as required under 42 U.S.C. § 1997e.  It is **RECOMMENDED** that the Court **FIND** that Plaintiff Jason Williams did exhaust his administrative remedies as to Defendant Moore, but that he did not exhaust his remedies as to any other defendant, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

*Procedural History*

Plaintiff filed his complaint in this action on November 20, 2007, alleging that while he was an inmate in the Menard Correctional Center, he was assaulted by his cellmate.  Plaintiff claimed that he told each defendant personally that he was being assaulted, but none of them acted to

separate Plaintiff and his cellmate. Plaintiff further claims that he was assigned a cellmate who was known to be "aggressive, violent, and combative," in retaliation for filing grievances and one or more previous lawsuits (Docs. 1 and 13).

In answering the complaint Defendants Walker, Martin, Spiller, Moore, Thomas, Neipert, Cheatham, Brookman, and Uctman raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing suit, in violation of 42 U.S.C. §1997e(a) (Docs. 21 and 31). Defendants Neipert, Cheatham, Brookman, Walker, Martin, Spiller, Moore, and Thomas filed a Motion for Summary Judgment on February 11, 2009, in which they conceded that Plaintiff exhausted his administrative remedies as to Defendant Moore but argued that he did not exhaust as to any other defendants (Doc. 22). On March 20, 2009, Defendant Uchtman filed a Motion for Summary Judgment making the same argument that Plaintiff did not properly exhaust his administrative remedies (Doc. 32).

Based on the Seventh Circuit's opinion in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the undersigned set the matter for a hearing to take evidence on the question of exhaustion for September 2, 2009 (Doc. 55). On August 24, 2009, Plaintiff filed a motion to continue the *Pavey* hearing, stating that he had been transferred from Menard Correctional Center to Pontiac Correctional Center and consequently, his case might no longer be necessary. He indicated he might be willing to settle the matter without further litigation (Doc. 62). In light of Plaintiff's apparent willingness to consider settlement, the undersigned converted the September 2 *Pavey* hearing to a settlement conference. To facilitate settlement negotiations, the Defendants withdrew their pending motions for summary judgment (Doc. 64). After discussion with the undersigned, the case did not settle, and the Court reset the *Pavey* hearing for November 17, 2009 (Doc. 67).

*Pavey Hearing*

At the hearing held November 17, 2009, Defendants conceded that Plaintiff did fully exhaust administrative remedies as to Defendant Moore because he appealed to the ARB a January 12, 2006, grievance complaining that he told Defendant Moore that his cellmate was beating him and taking his food trays, but Defendant Moore did nothing to remove Plaintiff from the cell (Doc. 32, Exh. B). Defendants argued, however, that Plaintiff appealed no other grievances to the ARB regarding either retaliation for filing grievances or being celled with and attacked by his cellmate. They argued, therefore, that Plaintiff did not fully complete the grievance process except as to Defendant Moore on the failure-to-protect claim.

Plaintiff argued that he actually filed two grievances on January 12, 2006, the second of which was more detailed and named each of the defendants as participating in retaliating against him and in failing to protect him from assault by his cellmate. Plaintiff submitted to the Court this second January 12 grievance for the first time on August 14, 2009, in a filing captioned Complete Motion for Reconsideration (Doc. 61-1, pp. 1-7). This grievance form does not contain a counselor's response or any indication that it was received by a counselor, grievance officer, or Department of Corrections employee. Defendants have no record of a second January 12 grievance and contend such grievance was never received by the IDOC (Doc. 74, p. 5). Plaintiff argued that he filed both January 12 grievances in the same envelope, and that the second January 12 grievance was "an exhibit" to the first January 12 grievance. He argued that he received no response to the second grievance, thus he was prevented from exhausting his administrative remedies as to the complaints in that grievance.

Plaintiff argues that even before he filed this lawsuit he has consistently maintained that he

filed two grievances on January 12, 2006. Plaintiff offered as proof of the existence of the second January 12 grievance, another grievance filed on September 26, 2006, in which he referred to two grievances filed on January 12, 2006.[1] He further argued that he filed the September 26 grievance in another lawsuit prior to the filing of this lawsuit. Plaintiff also faxed a copy of the September 26 grievance to the Court at the Pavey hearing.[2] The faxed grievance contains no counselor's response and no indication that it was ever received by prison staff. The Court asked Plaintiff to point out specifically where in the other lawsuit he filed the September 26 grievance. Plaintiff was unable to do so at the hearing. The Court gave Plaintiff until December 21, 2009 (approximately 30 days) to file a document indicating specifically in which case and which filing the other grievance appears.

After the hearing, Plaintiff did file such a document, entitled Motion to Accept Resubmitted Documentation Referencing the 9-29-06 Grievance (Doc. 73). With the motion Plaintiff submitted a grievance filed December 5, 2007, in which he stated, among other things, that Grievance Officers Barry Hoffman or Tyonne Murray never answered his September 26, 2006, grievance (Doc. 73-2, p. 3). He also submitted a grievance dated November 21, 2006, in which he wrote: "I have

---

[1]This grievance contains many complaints but primarily contests an August 10, 2006, disciplinary report. As relevant here, in paragraph 23 of the grievance, Plaintiff wrote, "[w]hen Major Moore ignored my cries for help I filed 2 1-12-06 dated grievance concerning actions of Montgomery. Only one of these grievances was answered and it was not answered until 1/26/06 (the same day counselor Summers said she received it) the day Montgomery was transferred to another facility" (Doc. 75-5, p. 5).

[2]The grievance Plaintiff faxed to the Court at the Pavey hearing is dated September 29, 2006. Plaintiff also filed the grievance with the Court in the motion he filed after the hearing (Doc. 73-5). Although the content of the two grievances is identical, the grievance filed with the Court after the hearing bears the date of September 26, 2006. In the motion filed after the hearing, Plaintiff indicates that the discrepancy in dates was a clerical error that occurred when he hand-copied the grievance. To ward off confusion, the Court will identify this grievance throughout this report and recommendation as the September 26 grievance.

repeatedly filed grievances concerning disciplinary reports written between the months of July and October yet Tyonne Murray (grievance officer) refuses to answer my grievances: grievances on disciplinary reports written on 7-2-06, 8-31-06, 10-2-06, 8-10-06" (Doc. 73-6). Counselor Summers answered the November 21 grievance stating she had discussed the issue with the grievance officer who reported that only one grievance regarding a disciplinary report, filed July 2, 2006, was filed between July 2006 and the date of the response, November 27, 2006. Finally, Plaintiff makes reference to documents filed in *Williams v. Snyder*, Case No. 02-cv-1177-GPM (S.D. Ill. filed November 25, 2002). He specifically points to a Motion to Accept Plaintiff's Fifth Set of Additional Exhibits filed on April 13, 2007, in that case (Doc. 131), which contains the September 26 grievance.

## CONCLUSIONS OF LAW

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Illinois Administrative Code sets out the procedure for the filing of grievances by inmates. An inmate must first attempt to resolve the complaint informally. If the complaint is not resolved, the inmate may file a grievance

within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. Ill. Admin. Code § 504.810. The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. Ill. Admin. Code § 504.830. An inmate may appeal the decision of the CAO in writing within 30 days. Ill. Admin. Code § 504.850. *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).

*Availability of Administrative Remedies*

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13, 2009 WL 330531 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance, s*ee Kaba v. Stepp*, 458 F.3d 678, 684 (2006), but an inmate "cannot be faulted for not knowing how best to respond to the prison authorities' inaction." *Wilder*, 310 Fed.Appx. at 14.

At issue here is the fact that Plaintiff claims to have filed two grievances on January 12, 2006. The parties agree that he fully exhausted one grievance filed on January 12, 2006, as to the

failure to protect claim against Defendant Moore. Plaintiff claims, however, that he filed a second grievance on January 12, 2006, in which he named all the defendants and complained that they retaliated against him and failed to protect him from assault by his cellmate. He claims that he placed both grievances in the same envelope, and that the second grievance was "an exhibit" to the first. He provided the Court with copies of this grievance, but none of the copies contain a counselor's response or other indication that the grievance was ever received by prison officials. Plaintiff could have created it at any time. Further, Defendants have no record of a second grievance filed on January 12, 2006. Plaintiff claims that he never received a response to the second January 12 grievance, thus, he could not appeal it to the ARB to fully exhaust his administrative remedies as to the defendants and claims raised in that grievance. He argues that because he was prevented from continuing further with the grievance process, he is deemed to have exhausted.

Plaintiff produced three pieces of evidence to support the existence of a second January 12 grievance. First, he submitted a grievance dated September 26, 2006, in which stated that he filed two grievances on January 12, 2006. This grievance does not contain a counselor's response nor does it contain any indication that it was received by prison officials. Defendants have no record of this grievance. Plaintiff claims that he never received a response to it. He also states that this grievance was filed in another case in this district prior to the filing of the lawsuit, which, he argues, indicates that Plaintiff created it before he filed the instant lawsuit. The Court reviewed the record in that other case, *Williams v. Snyder*, Case No. 02-cv-1177-GPM (S.D. Ill. filed November 25, 2002), and did find a copy of the September 26 grievance.[3] It also did not contain a counselor's response or any indication that prison officials received it. It appears from the record, however, that

---

[3]The grievance is dated September 29, 2006.

Plaintiff filed the copy of the grievance in that case on April 13, 2007. *Williams v. Snyder*, 02-cv-1177-GPM, Doc. 131.[4]

Second, he submits a November 21, 2006, grievance in which he complained that Tyonne Murray has not responded to grievances written on disciplinary reports between July and October 2006 (Doc. 73-6). Plaintiff explained that the September 26 grievance also complained about an August 10, 2006, disciplinary report.

Third, he submits a December 5, 2007, grievance in which he complained that the law library did not provide him with materials he requested. He also states that his September 26, 2006, and other grievances were never responded to. This grievance was received by the counselor and a grievance officer. It was denied at the institutional level (Doc. 73-2).

The Defendants concede that the first January 12 grievance was fully exhausted as to Defendant Moore on the failure-to-protect claim. The factual question before the Court is, therefore, whether Plaintiff filed a second grievance on January 12, 2006, but was prevented from fully exhausting it because no prison-level official ever responded to it.

The Court finds not credible Plaintiff's claim that he filed two grievances on January 12, 2006. It is not reasonable to believe that Plaintiff would file two grievances on the same day and give them to the counselor with one as an exhibit to the other. It makes more sense that Plaintiff would put all of his complaints into one grievance. The first January 12 grievance does not contain any reference to an exhibit.

The Court also finds that the documents submitted by Plaintiff to support the existence of

---

[4]The documents filed in *Williams v. Snyder* on April 13 were not filed in the Court's electronic docketing system but appear in the paper file.

the second January 12 grievance are of limited evidentiary value. Plaintiff states that on September 26, 2006, he filed a grievance indicating that he filed two grievances on January 12, 2006. The September 26 grievance was not itself exhausted, and it contains no other authenticating marks. It could have been created at any time. The discrepancy in the dates of the multiple copies of the grievance filed with the Court (some are dated September 26, 2006, others September 29, 2006) further undermines its value.

Plaintiff also pointed to November 21, 2006, and December 5, 2007, grievances in which he complained that no one answered his September 26 grievance. As support for the September grievance, this evidence is also doubtful. The November 21 grievance refers specifically to complaints about disciplinary reports. It does not include anything about retaliation or failure-to-protect issues. The December 5 grievance was filed fourteen months after September 2006, and it was filed after Plaintiff instigated this lawsuit. The fact that a grievance officer responded to the November 21 and December 5 grievances does not provide any support for the September 26 greivance itself.

Finally, Plaintiff stated that he filed the September 26 grievance in another lawsuit in this district. The Court reviewed the documents in that case and finds that Plaintiff did file the September 26 grievance in that case in April 2007. The September 26 grievance filed in that case also does not include a counselor's response or any other indication that it was received by prison staff. Thus, the only inference the Court can reasonably draw from that filing is that Plaintiff wrote the September 26 grievance before April 2007. That fact does not speak directly to the existence of a second January 12 grievance, which is the relevant inquiry.

As noted above, Plaintiff's claim that he filed two grievances on January 12, 2006, is not

reasonable. Moreover, the September 26 grievance, which Plaintiff intends to provide support for the existence of the second January 12 grievance, is itself doubtful because it requires other evidence and testimony for its verification. This chain of evidentiary support is so tenuous that it defies credibility. As such, the Court recommends that the Court **FIND** that Plaintiff fully exhausted his grievances as to defendant Moore on the failure to protect claim, but failed to exhaust his administrative remedies as to any other defendant on any other claim.

## CONCLUSION

For the reasons set forth above, it is hereby **RECOMMENDED** that the Court **FIND** that Plaintiff did exhaust his administrative remedies as to Defendant Moore, that he did not exhaust his administrative remedies as to any other defendant, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:  March 25, 2010**

                                                               **s/** *Donald G. Wilkerson*
                                                               **DONALD G. WILKERSON**
                                                               **United States Magistrate Judge**