**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JASON WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-811-GPM |
| | ) |
| ROGER E. WALKER, JR., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff is incarcerated in the Menard Correctional Center. He filed this action pursuant to 42 U.S.C. § 1983 claiming deprivation of his constitutional rights. Specifically, Plaintiff alleges that Defendants violated his federal rights by forcing him to cut his dreadlocks, which he wears in observance of his Rastafarian faith. On March 16, 2010, United States Magistrate Judge Donald G. Wilkerson issued an Order resolving five of Plaintiff's pending motions (*see* Doc. 75), one of which included seven separate sub-requests (*see* Doc. 58). Plaintiff now moves this Court to reconsider the Magistrate's Order (*see* Doc. 77). Plaintiff's appeal involves only non-dispositive rulings. Therefore, pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule of the United States District Court for the Southern District of Illinois 73.1(a) (LR), this Court shall only set aside any portion of the Magistrate's March 16, 2010 Order that is clearly erroneous or contrary to law.

Magistrate Judge Wilkerson granted Defendant's Motion to Quash Subpoena because Plaintiff failed to serve proper notice and because he was requesting information outside of the narrow issue of whether he had exhausted his administrative remedies (Doc. 75, p. 1-2). Not only are these conclusions not clearly erroneous, but this Court agrees with them. Plaintiff's subpoena

request was improper in both form and substance. *See* Fed.R.Civ.P. 45. Thus, the Motion to Quash was correctly granted.

Plaintiff also objects to Magistrate Judge Wilkerson's denial of his request to appoint counsel. However, the Magistrate correctly considered the two-fold inquiry outlined in *Pruit v. Mote*, 503. F.3d 647 (7th Cir. 2007). Plaintiff has yet to provide any documentation of his alleged attempts to obtain counsel on his own. Further, even if Plaintiff could demonstrate reasonable, yet unavailing, efforts to obtain counsel on his own, Plaintiff appears to be well-versed and competent in the ways of litigation as he has at least two other lawsuits pending (*see* Doc. 78, ¶ 7). As such, the Magistrate correctly denied Plaintiff's request for the appointment of counsel.

Plaintiff blames his failure to document his attempts at obtaining counsel, and other shortcomings, on his inability to access his property (Doc. 77, ¶¶ 2, 3, 10). Plaintiff thus complains of Magistrate Judge Wilkerson's denial of his requests to have his property returned. The Magistrate has repeatedly denied such requests, however, because the Court cannot "involve itself in the day-to-day operations of the prison, and the Plaintiff has made no formal request for injunctive relief" (*see* Doc. 37; Doc 75, p. 5). This conclusion is not clearly erroneous. As such, all of Plaintiff's arguments regarding the handling of his personal property are hereby, once again, **DENIED**.

Plaintiff further objects to the Magistrate's denial of his Motion to Compel (Doc. 58) the production of various documentation. The Magistrate ruled, that "the Court cannot compel the Defendants to produce that which they do not have" (Doc. 75, p. 4). Moreover, the Magistrate found that much of the information requested by Plaintiff was either irrelevant or outside the scope of the question of exhaustion. Plaintiff's only response is that "again court [sic] intentionally lies," and that "it is obvious that defenses is lying about documents they have" (Doc. 77, pp. 2, 5). The Magistrate's conclusions are not clearly erroneous, and Plaintiff's baseless and unfounded

accusations will not be entertained by the Court.

Finally, Plaintiff objects to Magistrate Judge Wilkerson's denial of his request that both the undersigned Judge and United States Magistrate Judge Donald G. Wilkerson recuse themselves from the case. Once again, Plaintiff levies baseless and unfounded allegations that "concerning Recusal, both Judges, in fact, intentionally lied in their rulings" (Doc. 77, p. 2). In support of this outlandish proposition, Plaintiff cites only the "suspicious timing" of a recent United States Court of Appeals Mandate in another one of Plaintiff's cases involving similar issues. *Id.* First, this Court, of course, has absolutely no control over the timing or the decisions of the Court of Appeals. Second, Plaintiff's claims are not supported by one iota of specific evidence or an objective basis in reality. In other words, they have absolutely no merit. Magistrate Judge Wilkerson's denial of Plaintiff's recusal requests, therefore, was not clearly erroneous or contrary to law.

Indeed, it is clear to the Court that, similar to an elementary school child who gets upset when he does not get his way, anytime one of Plaintiff's requests is denied his automatic response is to allege that the Court, or the defense or someone "lied." However, without some specific evidence in support of these wild allegations they simply will not be considered. Accordingly, because Plaintiff has not shown that any of Magistrate Judge Wilkerson's rulings in his March 16, 2010 Order were clearly erroneous or contrary to law, Plaintiff's Motion for Reconsideration (Doc. 77, construed as an appeal) of the Magistrate's Order (Doc. 75) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 04/09/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge